STATE OF HAWAII, Plaintiff-Appellee,
v.
ERIC K. BEYER, Defendant-Appellant.
No. 29062.
Intermediate Court of Appeals of Hawaii.
November 12, 2009.
On the briefs:
Jon N. Ikenaga, Deputy Public Defender, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and LEONARD, JJ.
Defendant-Appellant Eric K. Beyer (Beyer) appeals from the Judgment filed on February 19, 2008 in the District Court of the First Circuit, Wahiawa Division[1] (district court). The district court convicted Beyer of Excessive Speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(1) (2007 Repl.). Beyer's conviction was based on evidence of a laser-gun reading that showed that in the early morning of September 3, 2007, Beyer drove a motor vehicle at 70 miles per hour (mph) along Kamehameha Highway near JP Leong Highway, where the posted speed limit was 35 mph.
On appeal, Beyer contends the district court (1) abused its discretion by denying his motion to compel discovery of items material to challenge the accuracy of the particular laser gun used and (2) erred by allowing the police officer to testify to the laser-gun-speed reading without adequate foundation where Plaintiff-Appellee State of Hawai`i (the State) failed to introduce sufficient evidence that (a) the laser gun used had been tested according to "accepted procedures" and determined to be functioning properly and (b) the police officer who used the laser gun was qualified by training and experience to operate the device sufficient to ascertain that the laser gun was operating accurately.
In light of the Hawai`i Supreme Court's recent decision in State v. Assaye, 121 Hawai`i 204, 216 P.3d 1227 (2009), we agree with Beyer's second contention. In Assaye, the Hawai`i Supreme Court held that the State failed to lay a sufficient foundation for the admission of a speed reading from a laser gun because the State failed to adduce evidence that (1) the laser gun was tested according to procedures recommended by the manufacturer of the laser gun for demonstrating that the laser gun was operating properly, id. at 210-14, 216 P.3d at 1233-37, and (2) the officer who obtained the laser-gun reading had received training in the operation of the laser gun that met the requirements indicated by the laser gun's manufacturer, id. at 214-16, 216 P.3d at 1237-39. The same deficiencies in establishing the foundation for the admission of the laser gun's speed reading that were identified in Assaye are present in this case. Thus, the district court erred in admitting the police officer's testimony regarding the speed reading given by the laser gun for Beyer's vehicle.
As in Assaye, without the police officer's testimony regarding the speed reading from the laser gun, there was insufficient evidence to prove the speed at which Beyer was driving his motor vehicle. Id. at 216, 216 P.3d at 1239.
Therefore,
IT IS HEREBY ORDERED that the Judgment filed on February 19, 2008 in the District Court of the First Circuit, Wahiawa Division, is reversed. Our disposition of this appeal renders it unnecessary to consider Beyer's first point on appeal.
NOTES
[1] Per diem District Judge Philip Doi presided.